IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK14-80189 |
| | ) | |
| WILLIAM H. SUTTON, JR., | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on July 1, 2014, on an objection to claim filed by Debtor (Fil. #24) with a resistance by creditor Mary E. Sutton (Fil. #s 32 - 35). Erin M. McCartney represents Debtor, and Kevin J. O'Connell represents Mary Sutton. Evidence was admitted, and the matter was taken under advisement.

For the reasons stated below, the objection to claim is sustained and the claim (proof of claim #4-1) shall be allowed as a general unsecured claim.

### *Background*

Debtor's ex-wife, Mary Sutton, filed a proof of claim in the amount of $98,205.29, asserting that the claim is a priority claim for a "domestic support obligation." Debtor objected to the classification of the claim and argues that it should be classified as a general unsecured claim.

The parties were divorced in 1999, and the decree of dissolution of their marriage incorporated a property settlement agreement. Under the terms of that agreement, Debtor agreed to pay child support in specified amounts and alimony in the amount of $1.00 per month for 72 months, subject to change in the event Ms. Sutton sought a modification. She did not do so. The agreement also awarded to Ms. Sutton the family home, free and clear of any claim by Debtor and required Debtor to obtain a release of the home from a lien held by First National Bank, the lender for Debtor's business. Further, the agreement required Debtor to use the assets allocated to him as payments to or as additional collateral to First National Bank in order to obtain the release of the home from the lien for his business debts. Debtor complied with his obligations and obtained a release of the home from First National Bank's liens.

The property settlement agreement also required Debtor to pay to Ms. Sutton a "Cash Property Settlement" as follows:

> In consideration for the distribution of assets to the Husband, the Husband shall pay to the Wife a cash property settlement in the amount of Eighty-Seven Thousand Five Hundred and No/100 Dollars ($87,500.00) which shall be paid within sixty (60) months of the entry of the Decree of Dissolution. . . . The cash property settlement payment shall be deemed to be a judgment against the Husband; and, in the event that the Husband elects not to pay the amount due, the Wife shall be afforded

all legal remedies as would otherwise be available to her in the collection of a judgment.

Ms. Sutton argues that the cash property settlement qualifies as a domestic support obligation based upon the overall structure of the property settlement agreement. Debtor argues that the cash property settlement is just that – a property settlement – and is not a domestic support obligation.

*Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> . . .
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
> (i) a separation agreement, divorce decree, or property settlement agreement;
> . . .
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. *See In re Braun,* 2008 WL 2130313, 2 (Bankr. D. Neb. 2008). For purposes of the case at hand, claim priority and discharge are at issue. Domestic support obligations are not discharged in Chapter 13 cases. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they

entitled to priority status. In this case, the requirements of § 101(14A)(A) and (C) are satisfied and not at issue. The only issue is whether the debt is in the nature of alimony, maintenance, or support as required under § 101(14A)(B).

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. *Id.* When deciding whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve. *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984) (citing *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1057 (8th Cir.1983)); *see Kruger v. Ellis (In re Ellis)*, 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993) (finding that in order to determine whether an award represents a property settlement or a maintenance obligation, a court must look to the function an award was intended to serve).

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See Williams*, 703 F.2d at 1056. A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is however a starting point for the determination of the award's intended function. *Id.*; *In re Hamblen*, 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999) (due deference should be given to the state court's characterization of the award). The burden of proof under § 523(a)(5) is on the party asserting that the debt is nondischargeable. *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700, 706 (Bankr. W.D. Mo. 1981).

Factors considered by the courts in making this determination include: the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments. *Morgan v. Woods (In re Woods)*, 309 B.R. 22 (Bankr. W.D. Mo. 2004); *In re Tatge*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997); *Schurman v. Schurman (In re Schurman)*, 130 B.R. 538, 539 (Bankr. W.D. Mo. 1991) (citing *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990)).

Although it is not binding, the agreement's characterization of the payment is the starting point in the court's analysis. *Williams, supra.* Here, the payment was clearly characterized as a "cash property settlement" and not as a support obligation. The property settlement nature of the obligation is also indicated by the manner of payment. It is simply a lump sum obligation that was due within 60 months of the divorce decree. It was not required to be paid in monthly installments, which also indicates it was not intended as a support obligation. There is no indication that at the time of the decree, it would have been difficult for the former spouse and children to subsist without the payment, particularly since no payment was even due for up to five years after the decree. Finally, in a related proceeding to determine the priority of liens, including the judgment lien for the cash property settlement, the Douglas County District Court held: "With respect to the Motion to Determine Judgment Lien Liability, the Court finds that the judgment the Plaintiff acquired against

the Defendant via the Decree entered in 1999 was a property settlement rather than a judgment for either child support or alimony."

Ms. Sutton argues that in the divorce she gave up present claims to much of the marital property in an attempt to help Debtor become successful in his business so that he would be able to pay his support obligations. While that appears to be true, it does not turn the cash property settlement into a domestic support obligation. Instead, by giving up present rights to certain funds and assets, Ms. Sutton was able to retain the family home free of claims by her husband and her husband's lender. The cash property settlement appears to simply be a property equalization obligation and not a support obligation, for all the reasons stated in the preceding paragraph.

IT IS, THEREFORE, ORDERED that Debtor's objection (Fil. #24) to the claim of Mary Sutton is sustained and the claim (proof of claim #4-1) shall be allowed as a general unsecured claim.

DATE: July 11, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin M. McCartney
    Kevin J. O'Connell
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.